UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MIKIE ROSS HANSEN,

    Plaintiff,

v.

WASHINGTON STATE,

    Defendant.

CASE NO. 12-5633 BHS/KLS

ORDER DENYING MOTION FOR COUNSEL

Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 14. Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

1  issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting
2  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he
3  has an insufficient grasp of his case or the legal issue involved and an inadequate ability to
4  articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d
5  1101, 1103 (9th Cir. 2004).

6        That a *pro se* litigant may be better served with the assistance of counsel is not the test.
7  *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues
8  involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further
9  facts during litigation. But, if all that was required to establish the complexity of the relevant
10 issues was a demonstration of the need for development of further facts, then practically all cases
11 would involve complex legal issues. *Id.*

12       Plaintiff states that he requires counsel because his education is limited and has limited
13 access to the law library. ECF No. 14. He seeks the appointment of his public defender, who
14 has been appointed to represent him in his state court commitment case. The documents attached
15 to Plaintiff's motion reflect that he was involuntarily committed to Western State Hospital for
16 180 days on June 12, 2012. *Id.*, p. 6. The documents also reflect that he is represented by
17 counsel in the state court proceeding. *Id.*, pp. 10, 12.

18       By separate Report and Recommendation, this Court has recommended that Plaintiff's
19 amended complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983. Based on
20 the allegations contained in Plaintiff's amended complaint, it appears he seeks this Court's
21 intervention in an ongoing state court matter.

22       This is not a complex case involving facts or law. In addition, Plaintiff presents no
23 evidence to show that he is likely to succeed on the merits of his case. In fact, he has stated no
24 viable action under 42 U.S.C. § 1983.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (ECF No. 14) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**Dated** this 2nd day of November, 2012.

Karen L. Strombom
United States Magistrate Judge